UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMOTHY POWERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO:   1:20-cv-02414- |
| | ) |
| SPARTANNASH ASSOCIATES, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Mr. Timothy Powers, hereinafter "Mr. Powers", by counsel, pursuant to Fed. R. Civ. P. 3, and files his Complaint against Defendant, Spartannash Associates, LLC, and shows the Court the following:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981 and 42 U.S.C. § 1983.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over the state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over the state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff, Mr. Powers, is a male citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title VII.

5. Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.

6. Defendant is a foreign for-profit limited liability corporation doing business in the state of Indiana and registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

7. On or about April 23, 2020, Mr. Powers filed timely charges of Disability Discrimination in violation of the ADA, against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2020-01970.

8. On or about July 21, 2020, Mr. Powers received a Notice of Right to Sue from the EEOC for Charge Number 470-2020-01970, entitling him to commence action within ninety (90) days of his receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

9. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

10. The Defendant hired Mr. Powers on or about September 20, 2019.

11. Throughout his employment with Defendant, Mr. Powers met or exceeded Defendant's legitimate expectations of performance.

12. On or about November 3, 2019, Mr. Powers sustained an injury at work.

13. While he was working a forklift bracket fell and hit him in the head.

14. This resulted in a significant head/brain injury.

15. Mr. Powers made his supervisors aware of the head injury he sustained while working.

16. Mr. Powers sought medical treatment for his injury through workers' compensation.

17. As a result of his injury, Mr. Powers suffered from significant injuries which included a concussion, contusion on his scalp, whiplash, cervical spine sprain, cerebral artery issues, as well as ongoing personality and cognitive changes.

18. As a result of the severity of his injuries, Mr. Powers was given medical restrictions

19. Defendant failed to accommodate Mr. Powers' medical restrictions during this time.

20. As a result of Mr. Powers' brain injury; he began to accumulate attendance points for work absences directly related to his injury.

21. On or about December 17, 2019, Mr. Powers was informed that he was being terminated.

22. Mr. Powers was terminated despite there being positions that he was qualified for that would have allowed him to work while still accommodating his restrictions.

23. Defendant discriminated against Mr. Powers due to his disability.

24. Defendant failed to accommodate Mr. Powers' disability and then terminated him as a result of absences directly related to his injury.

25. The defendant failed to communicate with Mr. Powers about his disability and necessary accommodations as required by the ADA.

## COUNT I

## DISCRIMINATION ON THE BASIS OF A DISABILITY

Mr. Powers, for his claim for relief against Defendant, states as follows:

26. Mr. Powers hereby incorporates by reference paragraphs 1 through 25 as though previously set out herein.

27. At all times relevant to this action, Mr. Powers was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and 12111.

28. The conduct as described hereinabove constitutes discrimination based on Mr. Powers' disability.

29. The Defendant willfully and intentionally failed to accommodate Mr. Powers' disability.

30. Defendant intentionally and willfully discriminated against Mr. Powers because he is disabled and/or because Mr. Powers has a record of being disabled and/or because

Defendant regarded Mr. Powers as disabled. Similarly situated non-disabled employees were treated more favorably in the terms of privileges, and conditions of their employment.

31. Defendant's actions were intentional, willful and in reckless disregard of Mr. Powers' rights as protected by the ADA and Title VII.

32. Mr. Powers has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Mr. Powers, respectfully requests that this Court enter judgment in his favor and:

a. Order Defendant to pay Mr. Powers his lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which he would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages;

f. Pay for lost future wages;

g. Pay to Mr. Powers all costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre and post judgment interest;

i. Provide to Mr. Powers all other legal and/or equitable relief this Court sees fit to grant.

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Mr. Powers, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ *Tiffany R. Guthrie*
Tiffany R. Guthrie 35878-49
Darron S. Stewart #21114-29
STEWART & STEWART ATTORNEYS
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
(317) 843-1991
Tiffany@getstewart.com
DarronS@Getstewart.com
Attorneys for Plaintiff,
Timothy Powers
